UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Christopher Brown,<br><br>                     Plaintiff,<br><br>v.<br><br>Dougherty, et al.,<br><br>                     Defendants. | Civil No. 3:25-cv-965 (KAD)<br><br><br><br><br><br>July 14, 2025 |

**RULING AND ORDER ON
MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

**I. Introduction**

In a civil rights action challenging conditions of detainment, pro se prisoner-plaintiff Christopher Brown moves for leave to proceed *in forma pauperis*. In other words, Mr. Brown requests to file his complaint without prepaying court fees. Ordinarily, a plaintiff like Mr. Brown must pay a $350 filing fee and $55 administrative fee before filing suit. *See* 28 U.S.C. § 1914. However, federal courts may waive the administrative fee and defer the filing fee for prisoner-plaintiffs who meet the substantive and procedural requirements of 28 U.S.C. § 1915. The issue, here, is whether Mr. Brown has satisfied the statute's substantive and procedural criteria to proceed *in forma pauperis*.

**II. Legal Standard**

Substantively, litigants requesting leave to proceed *in forma pauperis* must show they are "unable to pay" the court's fees. 28 U.S.C. § 1915. Litigants need not show "absolute[]

destitut[ion]," only that they cannot afford court fees alongside "the basic necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The Prison Litigation Reform Act ("PLRA") imposes additional requirements on a particular subset of litigants requesting *in forma pauperis* status: prisoners pursuing civil actions. *See* 28 U.S.C. §§ 1915(a)(2), -(b). Generally, all, litigants must submit a financial affidavit demonstrating their inability to pay. 28 U.S.C. § 1915(a)(1). An affidavit following the language of the statute will often suffice unless the court "perceive[s] a flagrant misrepresentation." *Adkins*, 335 U.S. 339. Prisoner-litigants in civil actions must also submit a certified institutional trust-fund account statement for the preceding six-month period. *Id.* The statute's procedural requirements are "not meant to be a series of traps and travails for pro se litigants," whose motion papers are generally afforded leniency in interpretation. *Rosa v. Doe*, 86 F.4th 1001, 1007 (2d Cir. 2023) (liberally construing patterns of account activity to be sufficiently demonstrative without a corresponding account of precise expenditures in the financial affidavit).

### III. Discussion

Here, Mr. Brown's application to proceed *in forma pauperis* satisfies the substantive criteria of § 1915 by demonstrating an inability to pay $405 in court fees  Mr. Brown's only assets total $162.10, with an average monthly account balance of $0.54. ECF Nos. 2, 3. Although Mr. Brown does not provide an itemized account of his "necessities of life," his total monthly expenses have never exceeded $230.40—inclusive of necessary and discretionary costs—with a monthly average of less than $120. *Id.* Mr. Brown has carried no more than $210 at any time in the relevant period. *Id.* Further, Mr. Brown has no sources of income except an unspecified amount from family members. ECF No. 2. Despite a lack of specificity, Mr. Brown's account statement

2

nevertheless provides sufficient verification, showing only irregular deposits from external sources that never exceed $194.05 and average only $89.52 per month.  ECF No. 3.

Mr. Brown's application satisfies the procedural criteria of § 1915, having submitted the District of Connecticut's preferred form declaring under penalty of perjury that he is "unable to pay the filing fee."  ECF. No. 2.  As a prisoner-litigant pursuing a civil action, Mr. Brown also satisfies the heightened PLRA criteria, having submitted a certified trust-account statement for the preceding six-month period. ECF No. 3.  To be sure, discrete elements of Mr. Brown's application lack some specificity.  Nevertheless, the gaps in Mr. Brown's financial affidavit are fleshed out by the pattern of activity in his certified trust-fund account statement.  Given general consistency across Mr. Brown's financial affidavit and certified account statement, the Court perceives no flagrant misrepresentation.

## IV.  Conclusion

Taken together, Mr. Brown's financial affidavit and certified trust-fund account statement meet the statutory requirements of 28 U.S.C. § 1915 and provide the Court with a sufficient basis to find that filing fees present a financial hardship.  The plaintiff is, therefore, GRANTED leave to proceed *in forma pauperis*.

*/s/ Thomas O. Farrish*
Hon. Thomas O. Farrish
United States Magistrate Judge